overlooked the fact that
Art. 6196, has been held void
in O-1850, and other former
Opinions of this office, See
Original Opinions in Vol.
305, Attorney General S. Opinions. P. 9

## OFFICE OF THE

**GERALD C. MANN**
**ATTORNEY GENERAL**

Hon. O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-2588
Re: Transportation for convict
after discharge on condi-
tional pardon.

We have carefully considered your request for our
opinion relative to the above subject matter.

From your letter and enclosures we learn that on
July 5, 1940, one Henry Otis Pitts, No. 84221, sentenced from
El Paso County, was granted a conditional pardon by the execu-
tive authority of this state, and was discharged following an
interview with a probation officer of the Federal government.
The proclamation extending clemency provided that the con-
vict be released to the Chief Probation officer of the South-
ern District of California, Los Angeles, California. That
officer instructed the U. S. Probation Officer for the South-
ern District of Texas to contact Pitts to ascertain where
he wished to establish his residence upon release. We quote
from a letter written you by J. Leo Baldwin, U. S. Probation
Officer for the Southern District of Texas, a copy of which
letter you enclosed with your opinion request:

"* * * The subject was brought from Eastham No.
1 to No. 2 Camp where he was released to me and
given $5.00 before I even had an opportunity of dis-
cussing with him the plans for rehabilitation. Cap-
tain Oliver was of the opinion that he was a hold
and that he would not be allowed his railroad ticket.
I took the boy in my car to Huntsville, and let him
catch the bus to Greenville, Texas. He has an aunt
that resides at 1715 Hemphill street * * * This
arrangement was made because he wanted to go back
to San Diego, California where his mother and sisters
live.

"This plan that he return to California was satisfactory to me and naturally would take him back through El Paso. At the present time he is making an attempt to contact his people in California to raise finances enough for his travel from El Paso to San Diego. If there is anything that can be done in connection with sending the money for his fare to El Paso to him at the address in Greenville, I will appreciate it very much."

The applicable statute is Article 6196, Vernon's Annotated Civil Statutes (Acts 1929, 41st Leg., 1st C. S., p. 9, ch. 5, § 1):

"Not more than ten days nor less than four days before any convict is discharged from the penitentiary there shall be prepared and sent to the district clerk of the county where the convict was convicted and sentenced, or to such other county as hereinafter provided, a written or printed discharge from the Board, signed by the Chairman with the seal of the Board affixed, giving his name, date of sentence, from what county sentenced, the amount of commutation received, the trade he has learned, his proficiency in same and such description as may be practicable. Which report shall not be less than four days prior to said discharge sent by registered mail to said district clerk, and said report shall have a place for the convict to sign proper receipt of said discharge upon his presenting himself to said district clerk, and he shall report forthwith upon his arrival to such clerk, and he shall not be considered as finally discharged until he presents himself to said clerk and signs said receipt. He shall be furnished with a suit of clothes, of good quality and fit, two suits of underwear, one pair of shoes and a hat, one shirt and five dollars in money in addition to any money which he may have to his credit with the Board, and in addition the sum of three dollars as further traveling expense money. Each convict shall be discharged in the County in which he was convicted for the offense for which he served the sentence in the penitentiary, in the manner as herein set forth except as hereinafter set forth. He shall be given a non-

transferable and non-cashable ticket for transportation to the county in which he was convicted, or to any other point in the State in which he selects, provided an official selected for the purpose of the penitentiary commission approves the request of the convict that a ticket be given to him to the point in the State other than the county in which he was convicted, but if it shall be determined that he go to another point in the State other than the county in which he was convicted, then it must be a point where a county seat is located and the discharge papers as herein provided for must be sent to the district clerk of that county to be signed by the convict in the manner and form as herein provided had he gone to the county where he was convicted. Provided further that said convict shall be given a temporary certificate by the Board good for ten days, protecting said convict from molestation while traveling to the place of his discharge." (Emphasis ours)

From a reading of the foregoing statute, as applied to the facts set out by you, it is apparent that the Legislature contemplated that any transportation would be from the place of discharge of the convict to either (1) the county in which conviction occurred, or (2) any other county seat in the state selected by the convict, but in such event only after approval of an official designated by the prison commission. Further, we again emphasize the language of the statute: "He shall be given a non-transferable and non-cashable ticket."

It is our opinion you would not have authority to send money for the requested fare to the said convict. He waived any claim thereto when the terms of Article 6196, supra, were not complied with upon his release from the prison.

Yours very truly

APPROVED AUG 23, 1940

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By Benjamin Woodall
Benjamin Woodall
Assistant

BW:rw

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN